An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-558

NORTH CAROLINA COURT OF APPEALS

Filed:  7 October 2014

STATE OF NORTH CAROLINA

v.

JAMES DAVID RODGERS

Pamlico County
No. 07 CRS 50615


On writ of *certiorari* to review order entered 28 May 2013 by Judge Benjamin G. Alford in Pamlico County Superior Court. Heard in the Court of Appeals 25 August 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Andrew DeSimone, for defendant-appellant.*

CALABRIA, Judge.


James David Rodgers ("defendant") appeals from the trial court's order requiring him to enroll in satellite-based monitoring ("SBM") for a period of ten years.  We reverse and remand.

On 14 July 2008, defendant pled guilty to two counts of taking indecent liberties with a child.  The trial court

sentenced defendant to two consecutive terms of twenty-four to twenty-nine months in the North Carolina Department of Correction. The trial court suspended the second term of imprisonment and placed defendant on supervised probation for sixty months.

On 15 April 2013, a probation violation hearing was held in Pamlico County Superior Court. Defendant admitted to violating his probation and his probation was revoked. On 28 May 2013, the trial court conducted a hearing to determine whether defendant was required to be enrolled in SBM. Defendant was not represented by counsel and the trial court did not inquire as to whether defendant desired representation. At the conclusion of the hearing, the trial court entered an order requiring defendant to enroll in SBM for ten years. On 31 December 2013, this Court granted defendant's petition for writ of *certiorari* to review the trial court's SBM order.

Defendant's sole argument on appeal is that he is entitled to a new SBM hearing because he was deprived of his statutory right to counsel. The State concedes that defendant is correct, and we agree.

Pursuant to N.C. Gen. Stat. § 14-208.40B(b), at a hearing to determine whether a defendant should be required to enroll in

SBM, "[u]pon the court's determination that the offender is indigent and entitled to counsel, the court shall assign counsel to represent the offender at the hearing pursuant to rules adopted by the Office of Indigent Defense Services." N.C. Gen. Stat. § 14-208.40B(b) (2013). In the instant case, defendant appeared at the SBM hearing without counsel, but the trial court made no inquiry into defendant's indigent status or whether defendant desired appointed counsel. Defendant had previously been represented by appointed counsel when he entered his guilty plea to the charges of taking indecent liberties with a child. Additionally, following this Court's issuance of the writ of *certiorari*, the trial court again determined that defendant was indigent and appointed counsel to represent him on appeal. Thus, because the trial court erred by not making an inquiry into defendant's indigent status and right to appointed counsel as required by N.C. Gen. Stat. § 14-208.40B(b), we reverse the SBM order and remand for a new hearing.

Reversed and remanded.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).